# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
      ROSEMARY S. POOLER,
      DEBRA ANN LIVINGSTON,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X      **12-3342**

In Re: Residential Capital, LLC,

    Debtor.

- - - - - - - - - - - - - -

Residential Capital, LLC, Ditech, LLC, DOA Holding Properties, LLC, DOA Properties IX (Lots-Other), LLC, EPRE LLC, Equity Investment I, LLC, ETS of Virginia, Inc., ETS of Washington, Inc., Executive Trustee Services, LLC, GMAC-RFC Holding Company, LLC, GMAC Model Home Finance I, LLC, GMAC Mortgage USA Corporation, GMAC Mortgage, LLC, GMAC Residential Holding Company, LLC, GMAC RH Settlement Services, LLC, GMACM Borrower LLC,

1

**GMACM REO LLC, GMACR Mortgage Products, LLC, HFN REO Sub II, LLC, Home Connects Lending Services, LLC, Homecomings Financial Real Estate Holdings, LLC, Homecomings Financial, LLC, Ladue Associates, Inc., Passive Asset Transactions, LLC, PATI A, LLC, PATI B, LLC, PATI Real Estate Holdings, LLC, RAHI A, LLC, RAHI B, LLC, RAHI Real Estate Holdings, LLC, RCSFJV2004, LLC, Residential Accredit Loans, Inc., Residential Asset Mortgage Products, Inc., Residential Asset Securities Corporation, Residential Consumer Services of Alabama, LLC, Residential Consumer Services of Ohio, LLC, Residential Consumer Services of Texas, LLC, Residential Consumer Services, LLC, Residential Funding Company, LLC, Residential Funding Mortgage Exchange, LLC, Residential Funding Mortgage Securities I, Inc., Residential Funding Mortgage Securities II, Inc., Residential Funding Real Estate Holdings, LLC, Residential Mortgage Real Estate Holdings, LLC, RFC-GSAP Servicer Advance, LLC, RFC Asset Holdings II, LLC, RFC Asset Management, LLC, RFC Borrower LLC, RFC Construction Funding, LLC, RFC REO LLC, RFC SFJV-2002, LLC,**

       **Plaintiffs-Appellants,**

       **-v.-**

**Federal Housing Finance Agency, as conservator for the Federal Home Loan Mortgage Corporation,**

       **Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**      DEANNE E. MAYNARD (Joel C. Haims, Kayvan B. Sadeghi, and Marc A. Hearron, on the brief), Morrison & Foerster LLP, Washington, D.C.

2

**FOR APPELLEE:**               MARC E. KASOWITZ (Andrew K. Glenn, Kanchana Wangkeo Leung, and Daniel A. Fliman, on the brief), Kasowitz Benson Torres & Friedman LLP, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case is **REMANDED** to the district court.

Appellant Residential Capital, LLC, and various related entities (collectively, "ResCap"), appeal from the July 17, 2012, order of the United States District Court for the Southern District of New York (Cote, J.), denying ResCap's motion to stay a lawsuit brought by the Federal Housing Finance Agency ("FHFA"), as conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), against ResCap's corporate parents and affiliate. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In denying ResCap's motion to stay the lawsuit that has been brought by the FHFA against ResCap's corporate parents and affiliate, the district court concluded that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a), could not extend to ResCap's corporate parents and affiliate because they were not debtors in bankruptcy. The district court also denied ResCap's request for a discretionary stay of the lawsuit under Section 105(a) of the Bankruptcy Code.

Section 362(a)(1) provides that a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Additionally, Section 362(a)(3) will stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. § 362(a)(3). ResCap relies on both of these provisions to support application of the

3

automatic stay to the non-debtor entities. "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). In Queenie, for example, this Court held that the automatic stay applied to proceedings against a debtor's wholly owned corporation. Id. at 287.

Here, the district court denied application of Section 362(a)'s automatic stay to the non-debtor entities as a categorical matter, without factual findings as to whether the lawsuit against those entities would have had "immediate adverse economic consequence[s]" on ResCap's estate. The district court did examine some of ResCap's arguments regarding the adverse consequences of the lawsuit in the context of ResCap's request for a stay under Section 105(a), but there are no explicit findings with regard to ResCap's request under Section 362(a).

Because Section 362(a)'s automatic stay may apply to non-debtors in some limited circumstances, we remand the case pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to supplement the record and determine whether Section 362(a)'s automatic stay applies to the non-debtor entities. It may be that the anti-injunction provision in the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4617(f), bars application of Section 362(a)'s automatic stay, but we do not have to reach that question until the district court has determined whether the automatic stay applies in the first instance.

The panel retains jurisdiction to hear ResCap's appeal once the district court has made its determination. Given ResCap's ongoing bankruptcy proceedings, we invite the district court to act with celerity, at the latest within sixty calendar days of the date of this decision.

For the foregoing reasons, we hereby **REMAND** the case to the district court. After the district court has made its determination, either party may restore jurisdiction to this Court by filing with the Clerk a letter (along with a copy of the relevant order or transcript) advising the Clerk that

jurisdiction should be restored.  The returned appeal will be assigned to this panel and an additional notice of appeal will not be needed.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK